**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

CORNELL A. HOOSMAN and
DELISHA R. HOOSMAN,

    Plaintiffs,

vs.

1st CLASS SECURITY, INC. et al.

    Defendants.

No. 13-CV-2044-LRR

**ORDER**

_____

*TABLE OF CONTENTS*

*I.   INTRODUCTION.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*
*II.  PROCEDURAL HISTORY.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
*III. STANDARD OF REVIEW.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
*IV. FACTUAL BACKGROUND.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
    *A.   Parties.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
    *B.   Overview of the Dispute.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
*V.  Motion to Amend.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
    *A.   Motion to Amend Standard.* . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
    *B.   Parties' Arguments.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
    *C.   Applicable Law.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
    *D.   Application.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*
*VI. MOTION TO DISMISS.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*
    *A.   Plaintiffs' Claim Pursuant to 42 U.S.C. § 1985(3).* . . . . . . . . . . . . *10*
    *B.   Plaintiffs' Failure to Protect Claim.* . . . . . . . . . . . . . . . . . . . . . *12*
    *C.   Plaintiffs' State Law Claims.* . . . . . . . . . . . . . . . . . . . . . . . . . *13*
*VII. CONCLUSION.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *13*

*I. INTRODUCTION*

    The matters before the court are Defendants 1st Class Security, Inc., Menard, Inc., Brian Haugen, Danielle Gibbs and Brian Sampson's (collectively, "Defendants") "Motion

to Dismiss Pursuant to Federal Rule[s] of Civil Procedure 12(b)(6) and 12(b)(1)" ("Motion to Dismiss") (docket no. 11) and Plaintiffs Cornell A. Hoosman and Delisha R. Hoosman's (collectively, "Plaintiffs") "Motion for Leave to File [a] First Amended Complaint" ("Motion to Amend") (docket no. 18).

## II. PROCEDURAL HISTORY

On June 7, 2013, Plaintiffs filed a Complaint (docket no. 2). Count I alleges that Haugen, Gibbs and Sampson violated Plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983; Count II alleges that 1st Class Security, Inc. and Menard, Inc. failed to adequately train and supervise Haugen, Gibbs and Sampson, in violation of Plaintiffs' constitutional rights; Count III alleges that Defendants conspired to detain and arrest Plaintiffs without probable cause, in violation of Plaintiffs' constitutional rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1985(3); Count IV alleges false arrest against Defendants, pursuant to Iowa state law; and Count V[1] alleges intentional infliction of emotional distress against Defendants, pursuant to Iowa state law.

On July 30, 2013, Defendants filed the Motion to Dismiss. On September 5, 2013, Plaintiffs filed a Resistance to the Motion to Dismiss (docket no. 16). On September 13, 2013, Defendants filed a Reply to the Resistance to the Motion to Dismiss (docket no. 20).

On September 6, 2013, Plaintiffs filed the Motion to Amend and attached their proposed Amended Complaint (docket no. 18-2). Count I of the Amended Complaint alleges that Haugen, Gibbs and Sampson interfered with Plaintiffs' right to contract free from racial discrimination, pursuant to 42 U.S.C. § 1981; Count II alleges that Defendants conspired to detain and arrest Plaintiffs without probable cause, in violation of Plaintiffs'

---

[1] The court notes that, in the Complaint, Plaintiffs refer to Count V as a second Count IV.

2

constitutional rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1985(3); Count III alleges false arrest against Defendants, pursuant to Iowa state law; and Count IV alleges intentional infliction of emotional distress against Defendants, pursuant to Iowa state law.[2] On September 13, 2013, Defendants filed a Resistance to the Motion to Amend (docket no. 19).

In the Motion to Dismiss, Defendants request the opportunity to present oral argument. The court finds that oral argument is unnecessary. The Motion to Dismiss and Motion to Amend are fully submitted and ready for decision.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal on the basis of "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord B & B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atl.*, 550 U.S. at 556).

Although a plaintiff need not provide "detailed" facts in support of his or her

---

[2] Thus, in the Amended Complaint, Plaintiffs bring their claim in Count I pursuant to 42 U.S.C. § 1981 rather than § 1983. In addition, the Amended Complaint no longer includes a claim asserting a failure to train or supervise. Counts III, IV and V of the Complaint are the same as Counts II, III and IV of the Amended Complaint.

3

allegations, the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl.*, 550 U.S. at 555) (internal quotation marks omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary [under Rule 8(a)(2)]."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl.*, 550 U.S. at 555). "Where the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

## IV. FACTUAL BACKGROUND

Viewed in the light most favorable to Plaintiffs, the facts are as follows:

### A. *Parties*

Plaintiff Cornell A. Hoosman is a resident of the State of Iowa and resides in a county within the Northern District of Iowa. Plaintiff Delisha R. Hoosman is also a resident of the State of Iowa and also resides in a county within the Northern District of Iowa.

Defendant 1st Class Security is a Nebraska corporation doing business in the State of Iowa and is registered with the Iowa Secretary of State. Defendant Menard, Inc. is a Wisconsin corporation and is registered with the Iowa Secretary of State. Defendants Gibbs and Haugen were at times relevant to the instant action employed by 1st Class Security and are residents of the State of Iowa. Defendant Sampson was at times relevant to the instant action employed by Menard, Inc. and is a resident of the State of Iowa.

### B. *Overview of the Dispute*

On or about January 28, 2012, Plaintiffs visited a Menards store in Waterloo, Iowa. Plaintiffs made a purchase and attempted to leave the store. As Plaintiffs were leaving the

4

store, Haugen and Gibbs, in their capacity as employees of 1st Class Security, along with Sampson, in his capacity as an employee of Menard, Inc., detained Plaintiffs based on a suspicion that Plaintiffs were shoplifting.

## V. MOTION TO AMEND

"It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)). The Motion to Dismiss seeks to dismiss portions of the original Complaint—not the Amended Complaint. Thus, in the event that the court were to grant the Motion to Amend, the Amended Complaint would supercede the original Complaint and render it legally ineffective, thereby rendering the Motion to Dismiss moot. Therefore, the court shall address the Motion to Amend first.

### A. *Motion to Amend Standard*

Federal Rule of Civil Procedure 15(a) governs the pretrial amendment of pleadings and provides that, where an amendment is not sought "as a matter of course," as defined by Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "parties do not have an absolute right to amend their pleadings, even under this liberal standard." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Rather, a district court may appropriately deny a motion for leave to amend if "there are compelling reasons, such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (quoting *Hammer v. City of Osage Beach, Mo.*, 318 F.3d 832, 844 (8th Cir. 2003) (internal quotation marks omitted).

### B. Parties' Arguments

In the Motion to Amend, Plaintiffs argue that the court should grant them leave to amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) because the proposed Amended Complaint "does not offend the rights of" Defendants, "does not significantly change the factual allegations" from those alleged in the Complaint, does not "impose additional discovery requirements" and allows Defendants sufficient time to prepare an adequate defense. Brief in Support of Motion to Amend (docket no. 18-1) at 2.

In the Resistance to the Motion to Amend, Defendants argue that the court should deny the Motion to Amend because, although the proposed Amended Complaint provides new legal theories, "it still fails to state a claim upon which relief can be granted" and, thus, the court should deny it as futile. Resistance to Motion to Amend at 2. Specifically, Defendants argue that Plaintiffs' claim in Count I of the Amended Complaint must fail because stopping Plaintiffs as they were leaving the store after they had made a purchase could not have interfered with Plaintiffs' right to contract because a claim under § 1981 "must be in regard to the blocking of the purchase itself." *Id.* at 3.

### C. Applicable Law

In the Amended Complaint, Plaintiffs assert their claim in Count I pursuant to 42 U.S.C. § 1981, which provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State . . . to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). This provision further provides that "the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b). Although § 1981 prohibits racial discrimination in "all phases and incidents of the contractual relationship,"

*Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 302 (1994), it "does not provide a general cause of action for race discrimination." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). "Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006); *see also Gregory v. Dillard's, Inc.*, 565 F.3d 464, 476 (8th Cir. 2009) (recognizing the requirement under a § 1981 claim "that a defendant 'block' or 'thwart' the creation of a contractual relationship" (quoting *Domino's Pizza, Inc.*, 546 U.S. at 476)).

> The Eighth Circuit Court of Appeals has
>
>> identified several elements to a claim under § 1981, which [it] divide[s] into four parts for analysis: (1) membership in a protected class, (2) discriminatory intent on the part of the defendant, (3) engagement in a protected activity, and (4) interference with that activity by defendant.

*Id.* at 469. To show engagement in a protected activity, "a plaintiff alleging interference with the creation of a contractual relationship in the retail context must demonstrate that he or she 'actively sought to enter into a contract with the retailer,' and made a 'tangible attempt to contract.'" *Id.* at 470 (quoting *Green v. Dillard's, Inc.*, 483 F.3d 533, 538 (8th Cir. 2007)). "In view of the statute's focus on protecting a contractual relationship, a shopper advancing a claim under § 1981 must show an attempt to purchase, involving a specific intent to purchase an item, and a step toward completing that purchase." *Id.* "[D]iscriminatory surveillance by a retailer, or mere offending conduct, does not demonstrate interference with a protected activity and any allegations of such activity are insufficient to state a claim under § 1981." *Withers v. Dick's Sporting Goods, Inc.*, 636 F.3d 958, 965 (8th Cir. 2011).

## D. Application

In this case, Plaintiffs allege that Gibbs, Haugen and Sampson interfered with their right to contract because, when Plaintiffs

> were leaving the store, . . . Haugen, acting in conjunction with . . . Gibbs and . . . Sampson . . . did detain Plaintiffs against their will, without probable cause or reasonable belief that [Plaintiffs] had concealed or were attempting to conceal property belonging to . . . Menard, Inc., and did further verbally harass and wrongfully accuse [Plaintiffs] of illegal conduct so as to try to intimidate [Plaintiffs] and interfere with the right to contract free from racial discrimination.

Amended Complaint ¶ 12. The Amended Complaint further argues that Gibbs, Haugen and Sampson's actions were done "in an attempt to interfere with . . . Plaintiffs' rights in the general retail context to contract with and purchase goods from the Menards [s]tore." *Id.* ¶ 14.

Based on Plaintiffs' allegations, any alleged interference occurred *after* Plaintiffs made their purchase and, thus, after Plaintiffs contracted with Menard, Inc. Therefore, Plaintiffs do not allege that Gibbs, Haugen and Sampson attempted to "block" or "thwart" the creation of Plaintiffs' contractual relationship with Menard, Inc., because the transaction was completed by the time any alleged interference occurred. *See Gregory*, 565 F.3d at 476; *Youngblood*, 266 F.3d at 854 (affirming the district court's finding that the plaintiff failed to state a claim under § 1981 when the defendant grocery store detained the plaintiff based on a suspicion of shoplifting *after* the plaintiff completed his purchase because "once the purchase is completed, no contractual relationship remains"). Furthermore, although it is possible to allege a claim under § 1981 with respect to an existing contractual relationship, a plaintiff in that situation must "have rights under the existing . . . contractual relationship." *Domino's Pizza, Inc.*, 546 U.S. at 476. Here, no existing contractual relationship was formed; rather, Plaintiffs completed the transaction and Menard, Inc. had no ongoing contractual obligation to Plaintiffs at the time of the alleged interference.

8

Finally, even if Gibbs, Haugen and Sampson were engaged in racially motivated surveillance, reprehensible or abhorrent behavior, by itself, is not sufficient to create a cause of action under § 1981. *See Withers*, 636 F.3d at 965 ("[D]iscriminatory surveillance by a retailer, or mere offending conduct, does not demonstrate interference with a protected activity and any allegations of such activity are insufficient to state a claim under § 1981.").

Accordingly, the court shall deny the Motion to Amend because alleging a cause of action in Count I pursuant to § 1981 rather than § 1983 is futile. *See Moses.com Sec., Inc.*, 406 F.3d at 1065. In light of this finding, the court shall proceed to address the Motion to Dismiss as it applies to the Complaint.

## VI. MOTION TO DISMISS

In the Motion to Dismiss, Defendants rely on Federal Rule of Civil Procedure 12(b)(6) and argue that the court should dismiss Plaintiffs' claims in Counts I through III because Plaintiffs failed to state a claim upon which relief can be granted. In addition, Defendants assert that the court should dismiss Plaintiffs' state law claims in Counts IV and V pursuant to 42 U.S.C. § 1367(c).

In the Resistance to the Motion to Dismiss, Plaintiffs rely on their Amended Complaint in asserting that the court should deny the Motion to Dismiss as to Count I. For the reasons stated above, Count I of the Amended Complaint fails to state a claim upon which relief can be granted and, thus, this argument is without merit. Similarly, as Plaintiffs appear to acknowledge in light of their decision not to pursue relief under 42 U.S.C. § 1983, Count I of the Complaint also fails to state a claim upon which relief can be granted because Plaintiffs may ordinarily only assert a claim pursuant § 1983 against *state* actors—not against private parties.[3] *See* 42 U.S.C. § 1983 (providing a cause of

---

[3] The court recognizes that it is possible to state a claim against a private party pursuant to § 1983 when the private party has "jointly engaged with public officers in the denial of civil rights." *Young v. Harrison*, 284 F.3d 863, 870 (8th Cir. 2002). However, this exception does not apply here.

action against a person acting "under color of any statute, ordinance, [or] regulation . . . of any State"); *Youngblood*, 266 F.3d at 855 ("Only state actors can be held liable under [§] 1983."). Plaintiffs do not allege that Gibbs, Haugen and Sampson were employed by the police department or that Gibbs, Haugen and Sampson were acting "under color of any statute, ordinance, [or] regulation of any State." 42 U.S.C. § 1983. Thus, the court finds that Plaintiffs have failed to state a claim upon which relief can be granted. Accordingly, the court shall dismiss Count I of the Complaint.

### A. *Plaintiffs' Claim Pursuant to 42 U.S.C. § 1985(3)*

In Count III of the Complaint,[4] Plaintiffs allege that Defendants conspired to detain and arrest Plaintiffs without probable cause, in violation of Plaintiffs' constitutional rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1985(3). In the Motion to Dismiss, Defendants assert that the court should dismiss Plaintiffs' claim in Count III of the Complaint because Plaintiffs failed to state a claim upon which relief can be granted. In the Resistance to the Motion to Dismiss, Plaintiffs argue that the court should decline to dismiss their claim in Count III because "Plaintiffs have adequately pled a claim under 42 U.S.C. § 1981 and therefore need not rely upon § 1985 granting stand alone rights" and that § 1985, "when coupled with" § 1981, "creates not only a statutory cause of action but a separate remedy to African-American citizens who have been victims of conspiratorial racially discriminatory private action depriving them of basic rights that law secures to all men." Brief in Support of Resistance to the Motion to Dismiss (docket no. 16-1) at 3. Thus, Plaintiffs appear to rely on their claim in Count I in asserting their claim in Count III, as the viability of Count III is contingent on the viability of Count I.

42 U.S.C. § 1985(3) provides a cause of action where "two or more persons . . .

---

[4] Again, the court notes that this is the same claim that Plaintiffs allege in Count II of the Amended Complaint.

conspire . . . for the purpose of depriving . . . any person . . . of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). Therefore, to state a claim under § 1985, a plaintiff must show: "(1) that the defendants did 'conspire,' (2) 'for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or equal privileges and immunities under the laws,' (3) that one or more of the conspirators did, or caused to be done, ' any act in furtherance of the object of the conspiracy,' and (4) that another person was 'injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States.'" *Larson ex rel. Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996) (quoting 42 U.S.C. § 1985(3)). In addition, a plaintiff "must allege that an independent federal right has been infringed. Section 1985 is a statute which provides a remedy, but it grants no substantive stand-alone rights. The source of the rights or laws violated must be found elsewhere." *Federer v. Gephardt*, 363 F.3d 754, 758 (8th Cir. 2004).

The independent federal rights that Plaintiffs claim were infringed are their rights: (1) to freedom of association under the First Amendment; (2) to equal protection under the Fourth, Fifth and Sixth Amendments; and (3) to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments. As discussed above, Plaintiffs do not allege that any Defendants are state actors and, thus, Plaintiffs must show that Defendants infringed their federal rights as private parties.

Plaintiffs' § 1985(3) claim cannot proceed pursuant to an alleged violation of Plaintiffs' rights under the First Amendment because "an alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) unless it is proved that the State is involved in the conspiracy or that the aim of the conspiracy is to influence the activity of the State." *United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 830 (1983).

Furthermore, Plaintiffs' § 1985(3) claim cannot proceed pursuant to an alleged violation of Plaintiffs' equal protection rights under the Fourth, Fifth and Sixth

Amendments because "[a] fundamental principle of federal constitutional law is that private action, no matter how egregious, can not violate the equal protection or due process guarantees of the United States Constitution." *Med. Inst. of Minn. v. Nat'l Assoc. of Trade and Technical Sch.*, 817 F.2d 1310, 1312 (8th Cir. 1987).

Additionally, Plaintiffs' § 1985(3) claim cannot proceed pursuant to an alleged violation of Plaintiffs' right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments because "the Fourth Amendment does not apply to a search or seizure, even an arbitrary one, effected by a private party on his own initiative." *United States v. Wiest*, 596 F.3d 906, 910 (8th Cir. 2010).

Finally, as discussed above, Plaintiffs' claim in Count I, whether asserted under § 1983 or § 1981, fails to state a claim upon which relief can be granted and, thus, cannot provide a basis for Plaintiffs' § 1985 claim. Therefore, the court finds that Plaintiffs have failed to state a claim upon which relief can be granted in Count III of the Complaint. Accordingly, the court shall dismiss Count III of the Complaint.

### B. Plaintiffs' Failure to Protect Claim

In Count II of the Complaint, Plaintiffs allege that 1st Class Security, Inc. and Menard, Inc. failed to adequately train and supervise Gibbs, Haugen and Sampson. A failure to protect claim arises under § 1983.[5] In the Motion to Dismiss, Defendants contend that the court should dismiss Plaintiffs' failure to protect claim because Defendants are not state actors and any claim for relief under § 1983 must be against a state actor.

As discussed above, Plaintiffs have not alleged that any Defendants are state actors. Because a § 1983 claim only lies against a state actor, Plaintiffs' failure to protect claim in Count II of the Complaint fails to state a claim upon which relief can be granted. *See*

---

[5] It appears that Plaintiffs recognize that this claim is without merit, as Plaintiffs did not reassert their failure to protect claim in their Amended Complaint. Nonetheless, because the court is addressing the Motion to Dismiss as it pertains to the Complaint, the court shall briefly address Plaintiffs' claim in Count II of the Complaint.

*Youngblood*, 266 F.3d at 855 ("Only state actors can be held liable under [§] 1983."). Accordingly, the court shall dismiss Count II of the Complaint.

### C. *Plaintiffs' State Law Claims*

In Count IV of the Complaint, Plaintiffs assert a claim for false arrest against Defendants pursuant to Iowa law. In Count V of the Complaint, Plaintiffs assert a claim for intentional infliction of emotional distress against Defendants pursuant to Iowa law. In the Motion to Dismiss, Defendants argue that the court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims and dismiss such claims pursuant to 28 U.S.C. § 1367(c). 28 U.S.C. § 1367(c) provides that a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); *see also Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990) ("stress[ing] the need [for federal courts] to exercise judicial restraint and avoid state law issues wherever possible").

Because the court has dismissed the claims over which it has original jurisdiction, the court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims in Counts IV and V of the Complaint. Accordingly, the court shall dismiss Counts IV and V of the Complaint.

### VII. CONCLUSION

In light of the foregoing, the Motion to Amend (docket no. 18) is **DENIED**. The Motion to Dismiss (docket no. 11) is **GRANTED**. Counts I through III of the Complaint are **DISMISSED WITH PREJUDICE**. Counts IV and V of the Complaint are **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendants.

**IT IS SO ORDERED.**

**DATED** this 4th day of November, 2013.

                                              LINDA R. READE
                                              CHIEF JUDGE, U.S. DISTRICT COURT
                                              NORTHERN DISTRICT OF IOWA